IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD T. GALLAWAY,

    Plaintiff,

  v.                                    No. CV 10-0986 WJ/KBM

US FED. MED. CENTER BUTNER, N.C., ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973

F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint asserts five claims against a large number of Defendants. The claims are characterized as denial of due process and speedy trial in Plaintiff's federal criminal proceeding, denial of adequate medical treatment, denial of effective assistance of counsel, violation of his right of religious freedom, and (in Claim V) a variety of other unconstitutional conditions of confinement. Much of the complaint is rambling and less than coherent. When Plaintiff filed his complaint he was confined in Torrance County, New Mexico; he is currently housed at a Federal Medical Center in North Carolina.[1] For relief, the complaint seeks dismissal and substitution of defense counsel, revocation of a CCA contract, replacement of staff with BOP personnel, renovation or replacement of a detention facility, and cessation of the use of experimental drugs.

Because Plaintiff seeks exclusively equitable relief, his complaint will be dismissed. As noted above, Plaintiff is no longer confined in a New Mexico facility. His equitable claims against New Mexico Defendants are therefore moot.[2] "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (second alteration in *Cox* opinion); *and see Medical Supply Chain, Inc. v. US Bancorp, NA.*, 83 F. App'x 266 (10th Cir. 2003) (noting that mootness is jurisdictional bar). No relief is available on Plaintiff's claims against

---

[1] Regarding Plaintiff's current placement at a medical center, the Court of Appeals for the Tenth Circuit recently affirmed this Court's order in the criminal case requiring "forcible antipsychotic medication" of Plaintiff. *United States v. Gallaway*, No. 10-2261, 2011 WL 1468389, at *1 (10th Cir. Apr. 19, 2011). As noted by the Tenth Circuit, Plaintiff's medication claim was not moot when he appealed, *see id.* at *2, but this claim is part of his criminal proceeding and will not be re-adjudicated in this action.

[2] In addition to the mootness issue, the Court notes that Plaintiff's request for substitution of criminal defense counsel must be raised in the criminal proceeding.

New Mexico Defendants.

As to the named North Carolina Defendants, nothing in the complaint indicates any connection between them and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, although these Defendants could consent to this Court's jurisdiction. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (noting that lack of personal jurisdiction "may be waived by the parties"). Furthermore, venue is improper in this district. *See* 28 U.S.C. § 1391(b); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, claims against the North Carolina Defendants could be severed and transferred under 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(2) & (3), *see Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *see Robinson*, 155 F.R.D. at 536 n.1; *and cf. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (noting that court may dismiss complaint for forum non conveniens without determining personal or subject matter jurisdiction). On consideration of the factors identified in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006), Plaintiff's claims against the North Carolina Defendants will be dismissed without prejudice rather than transferred.

IT IS THEREFORE ORDERED that Plaintiff's claims against the New Mexico Defendants are DISMISSED as moot, otherwise the complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE